# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| BRIAN THOMAS WOODS, | |
| Plaintiff, | No. C06-3038-MWB |
| vs. | **REPORT AND RECOMMENDATION** |
| JERRY BURT, UNKNOWN SECURITY DIRECTOR, UNKNOWN HEALTH SERVICES DIRECTOR, UNKNOWN DOCTOR, and UNKNOWN NURSES, | |
| Defendants. | |

_____

This matter is before the court on a motion for summary judgment (Doc. No. 11) filed by the defendant Jerry Burt. The plaintiff, a former inmate of the Fort Dodge Correctional Facility, initiated this action on June 6, 2006, pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. No. 3), the plaintiff alleges the defendants violated his rights under the Eighth Amendment by failing to protect him from harm by other inmates. Specifically, he states the defendants knowingly forced him to remain in a cell with members of a prison gang who believed the plaintiff had informed authorities about their plans to escape from Anamosa State Prison, resulting in leaders of the gang being placed in segregation. The plaintiff claims one of his cellmates intentionally infected him with the Hepatitis C virus by stabbing him with a blood-smeared paperclip. He further claims that even after a nurse at the institution confirmed that the offender had Hepatitis C, the institution returned the plaintiff to the same cell and took no disciplinary action against the offender.

On February 12, 2007, Jerry Burt, the only named defendant in this case, filed a motion for summary judgment and supporting documents. (Doc. No. 11) The plaintiff

failed to resist the motion as required, and the court *sua sponte* issued an order setting a new deadline of April 16, 2007, for the plaintiff's response. (Doc. No. 13) When the plaintiff still did not resist the motion, the court made inquiries and discovered the plaintiff had been released from custody, and because he had not notified the court of his new address, he had never received notice of the defendants' motion or the court's order setting a resistance deadline. As a result, in the interests of justice, the court directed the Clerk of Court to mail the defendant copies of the motion for summary judgment, the current docket sheet, and the court's order. The court extended the resistance deadline again, and directed the plaintiff to file his resistance by May 8, 2007. (Doc. No. 14) In the order, the court informed the plaintiff that if he failed to respond as directed, the motion for summary judgment could be granted forthwith and the case could be dismissed. (*Id.*)

The court has given the plaintiff ample opportunity to resist the motion for summary judgment, and the defendant has failed to do so. Accordingly, the motion for summary judgment should be granted and judgment should be entered for the defendant Jerry Burt. The court further recommends the case be dismissed without prejudice as to the unnamed defendants for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Therefore, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[1] in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the defendant Jerry Burt's motion for summary judgment be granted, with entry of judgment

---

[1] Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

in his favor, and that the case be dismissed without prejudice as to the unnamed defendants.

**IT IS SO ORDERED.**

**DATED** this 17th day of May, 2007.

*/s/ Paul A. Zoss*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT