# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

BRIAN THOMAS WOODS,

    Plaintiff,

vs.

JERRY BURT, UNKNOWN SECURITY DIRECTOR, UNKNOWN HEALTH SERVICES DIRECTOR, UNKNOWN DOCTOR, and UNKNOWN NURSES,

    Defendants.

No. C 06-3038-MWB

**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION**

_____

This matter comes before the court pursuant to the May 17, 2007, Report and Recommendation (docket no. 15) by Chief United States Magistrate Judge Paul A. Zoss. Judge Zoss recommends that the court grant the February 12, 2007, Motion For Summary Judgment (docket no. 11), filed by the sole named defendant, Jerry Burt, on plaintiff Brian Thomas Woods's claims pursuant to 42 U.S.C. § 1983 that his Eighth Amendment rights were violated when the defendants failed to protect him from other inmates. Judge Zoss recommends that defendant Burt's Motion For Summary Judgment be granted and that the claims against all unnamed defendants be dismissed without prejudice for failure to resist the motion for summary judgment or otherwise to prosecute this action. Judge Zoss notes that his inquiries have revealed that the plaintiff has been released from custody, with no indication of his new address, and that, despite further efforts of the court to provide the plaintiff with the opportunity to respond, he has not done so.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

No objections to Judge Zoss's Report and Recommendation were filed within the time provided by Rule 72 of the Federal Rules of Civil Procedure or, for that matter, in the time that has elapsed since that deadline expired. Therefore, the court will review the Report and Recommendation only for "plain error." The court finds no "plain error" in any of the findings or conclusions in Chief Magistrate Judge Zoss's Report and Recommendation. *See Griffini*, 31 F.3d at 692 (the court reviews factual findings for "plain error" where no objections to the magistrate judge's report were filed).

2

THEREFORE, the court **accepts** Chief Magistrate Judge Zoss's May 17, 2007, Report and Recommendation (docket no. 15), **grants** defendant Jerry Burt's February 12, 2007, Motion For Summary Judgment (docket no. 11), **directs** that judgment be entered in favor of defendant Burt, and **dismisses without prejudice** all claims against unnamed defendants for failure to prosecute this action.

**IT IS SO ORDERED.**

**DATED** this 3rd day of July, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des   7/03/07